UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLUB TABBY, LLC** | : | **CIVIL ACTION NO. 2:21-cv-000403** |
| | : | |
| | : | |
| **VS.** | : | **JUDGE** _____ |
| | : | |
| **SCOTTSDALE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE**_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

The complaint of Club Tabby, LLC., a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana, herein represented by its duly authorized Manager, Emily Daigle, who respectfully represents as follows:

**NATURE OF ACTION**

1.

This is an action by Club Tabby for damages against their commercial general liability and property insurance company, Scottsdale Insurance Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to their home caused by Hurricane Laura.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Club Tabby is domiciled in the State of Louisiana. Defendant, Scottsdale Insurance Company, is a foreign insurance company domiciled in the State of Ohio. The unpaid losses due under Defendant's

1

insurance policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Club Tabby, LLC., ("Club Tabby"), is a Louisiana Limited Liability Company which was domiciled in Lake Charles, Louisiana.

5.

Defendant, Scottsdale Insurance Company ("Scottsdale"), is a foreign insurance company domiciled in the State of Ohio and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 miles per hour.

8.

At the time of Hurricane Laura and after, Emily Daigle was the owner and manager of Club Tabby, located at 1427 West Prien Lake Rd., Lake Charles, Louisiana 70607 ("the business").

9.

As a result of Hurricane Laura, the business sustained extensive damage rendering it unable to conduct business; the contents sustained significant damages.

10.

At the time these damages were sustained due to Hurricane Laura, Club Tabby had in full force and effect a policy of insurance with Scottsdale providing coverage for of the losses sustained by Club Tabby to its inventory and contents, as well as loss of business income.

11.

On August 27, 2020, Club Tabby reported losses to Scottsdale resulting from Hurricane Laura and made a claim for payment of those losses.

12.

On September 14, 2020, an adjuster retained and/or employed by Scottsdale inspected the business. The adjuster was provided with full access to the business and had a full opportunity to inspect the building, its contents, and inventory to fully determine Club Tabby's losses caused by Hurricane Laura without any limitations.

13.

On October 13, 2020, Emily Daigle, acting on behalf of Club Tabby submitted a detailed

inventory and asset lists to Scottsdale delineated the damaged inventory that could no longer be sold or used, as well as assets within the premises that were destroyed by the hurricane.

14.

Despite Scottsdale's obtaining proof of loss, the payment was not issued until December 14, 2020, more than 60 days after the inspection performed by Scottsdale and more than 60 days after Ms. Daigle submitted her inventory and asset loss to Scottsdale.

15.

Despite submitting proof of loss of business income, Scottsdale has only made partial payments of her lost income, and further payments are owed under the policy; some of these losses have gone greater than 30 days without payment since proof of loss.

## CAUSES OF ACTION AND DAMAGES

### A.   THE INSURANCE POLICY

16.

Scottsdale owed Club Tabby a duty of good faith and fair dealing, and a duty to pay losses within 30 and 60 days of proof of loss under LSA R.S. 22:1892 and LSA R.S. 22:1973.

17.

Scottsdale breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the policy.

### B.   PENALTIES AND ATTORNEY'S FEES

18.

Pursuant to Louisiana Revised Statute 22:1892, Scottsdale was required to unconditionally tender payment to Club Tabby for reasonably undisputed losses caused by Hurricane Laura within

30 days of Scottsdale receipt of satisfactory proof of loss when its adjuster inspected the business or when Ms. Daigle submitted support documentation.   Scottsdale failed to do so.

19.

La. R.S. 22:1892 further required Scottsdale to re-evaluate Club Tabby's claim and to tender additional unconditional payments to Club Tabby each time Scottsdale received additional information concerning the losses sustained by Club Tabby.   Scottsdale failed to do so.

20.

Scottsdale's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

21.

Pursuant to La. R.S. 22:1892, Scottsdale is liable to Club Tabby for a penalty of 50%, in addition to the amount of the loss, on the amount due from Scottsdale, as well as reasonable attorney's fees and costs, for Scottsdale's failure to unconditionally tender the amounts owed to Club Tabby within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

22

Pursuant to La. R.S. 22:1973, Scottsdale is additionally liable to Club Tabby for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Scottsdale's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Club Tabby within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

23.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Scottsdale is additionally liable to Club Tabby for a penalty of the up to two times the actual damages Club Tabby sustained or five thousand dollars, whichever is greater.

## REQUEST FOR RELIEF

24.

WHEREFORE, Plaintiff, Club Tabby, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, Scottsdale Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM**

BY:   s/ *Jordan Z. Taylor*
**JORDAN Z. TAYLOR, Roll Bar No. 35346**
3102 Enterprise Boulevard
Lake Charles, LA   70601
Telephone:   (337) 478-1400
Facsimile:    (337) 478-1577
Email: jtaylor@townsleylawfirm.com
brandi@townsleylawfirm.com

**PLEASE SERVE**
**SCOTTSDALE INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA   70809**