## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**CLUB TABBY L L C**                    **CASE NO.  2:21-CV-00403**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**             **MAGISTRATE JUDGE KAY**


## MEMORANDUM RULING

Before the court are Motions for Partial Summary Judgment [docs. 22, 24] filed by defendant Scottsdale Insurance Company, on the subject of plaintiff's recovery limits under their policy and satisfaction of its claim for business personal property coverage. Plaintiff Club Tabby LLC opposes the motions. Docs. 32, 33. No reply has been filed and the deadline for doing so has passed.

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Club Tabby LLC ("Club Tabby") operated a children's clothing store, party venue, and hair salon in Lake Charles, Louisiana. At all relevant times Club Tabby was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 22, att. 4. The policy provided coverage for business personal property, subject to a limit of $160,000.00, and for business income with extra expense, subject to a limit of $20,000.00 and a monthly limit of 1/3. *Id.* at 90.

Plaintiff made a claim on its policy after Hurricane Laura. On September 14, 2020, Scottsdale sent a field adjuster to inspect the premises. Doc. 32, att. 2, p. 106. On October 13, 2020, Emily Daigle, sole proprietor of Club Tabby, submitted an inventory list describing the quantity and price of each item in the store. *Id.* at 117–41. The following day, the desk adjuster recorded that the claim appeared to be a total loss. *Id.* at 104. He stated in his claims notes that he would send the inventory list to National Vendor, a third-party contents evaluator, for assessment and refer the business interruption claim to a forensic accountant. *Id.*

On November 23, 2020, Scottsdale received an estimate based on the inventory and other items falling under the business personal property claim. Doc. 22, att. 6. Based on this estimate Scottsdale assessed the replacement cost value of the claim as $166,104.89, less $7,363.93 for an actual cash value of $158,740.96. *Id.* at 4. After deducting $5,000.00 for the deductible and $4,048.76 for salvage retention, Scottsdale issued a check to Club Tabby in the amount of $149,692.20 on December 14, 2020. *Id.*; doc. 22, att. 5. Ms. Daigle testified at her deposition that she had no other damaged business personal property beyond that identified in her submissions. Doc. 32, att. 3, pp. 80–81.

Club Tabby filed suit in this court on February 17, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. The case is currently set for trial on March 7, 2021. Scottsdale now brings these motions for partial summary judgment. In the first, it seeks a ruling that (1) only actual cash value is owed on the business personal property claim and (2) that claim was satisfied with its December 2014 payment. Doc. 22. Club Tabby opposes the motion, arguing that the policy calls for replacement cost and that

the claim has therefore not been satisfied. Doc. 32. In the second motion, Scottsdale seeks a ruling that Club Tabby has no claim for bad faith on the business personal property claim because it was paid in full within the statutory time period from satisfactory proof of loss. Doc. 24. Club Tabby likewise opposes that motion. Doc. 33.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

#### A.  Satisfaction of Business Personal Property Claim

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

The policy provides that, in the event of covered loss or damage, Scottsdale will at its option either "[p]ay the value of [the] lost or damaged property," "[p]ay the cost of repairing or replacing the lost or damaged property," "[t]ake all or any part of the property

at an agreed or appraised value," or "[r]epair, rebuild, or replace" the property. *Id.* at 102.

Under this provision Scottsdale states that it will determine the value of the property or the

cost of its repair or replacement "in accordance with the applicable terms of the Valuation

Condition in this Coverage Form," which provides in turn that value is based on actual

cash value at the time of loss. *Id.* at 102–03.

As Club Tabby emphasizes, however, the policy also lists replacement cost

coverage among the available optional coverages:

> **G. Optional Coverages**
> If shown as applicable in the Declarations, the following optional coverages
> apply separately to each item:
> . . . .
> > **3. Replacement Cost**
> > a. Replacement Cost (without deduction for depreciation) replaces Actual
> > Cash Value in the Valuation Loss Condition of this form.
> > . . . .
> > d. We will not pay on a replacement cost basis for any loss or damage:
> > > (1) Until the lost or damaged property is actually repaired or replaced;
> > > and
> > > (2) Unless the repair or replacement is made as soon as reasonably
> > > possible after the loss or damage.

*Id.* at 105–06. On the supplemental declarations for the Business Personal Property and

Business Income coverage, a box is marked next to "Replacement Cost" in the Business

Personal Property Section. *Id.* at 90. Construing any ambiguity in favor of the insurer, the

court rejects Scottsdale's position that the policy provides only ACV coverage.

Scottsdale also argues that no replacement cost is owed because the items have not

been repaired or replaced. Ms. Daigle admitted in her deposition that she threw away the

damaged inventory after the field adjuster's inspection, because her landlord needed her to

vacate the premises so that repairs on the building could begin. Doc. 32, att. 3, p. 67. The

building, however, has still not been repaired and Ms. Daigle has not found another location to reopen her business. *Id.* at 81–82. There is insufficient information for the court to judge whether Club Tabby failed to replace inventory "as soon as reasonably possible," and so this argument likewise presents no basis for limiting Scottsdale's liability on the claim to actual cash value.

### B.  Bad Faith on Business Personal Property Claim

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under the first factor, proof of loss, Louisiana courts set no strict requirement as to form and instead only require that the insurer "obtain[] sufficient information to act on the claim." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). On the third, compliance with the statute means that the insurer "must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). The insurer does not act arbitrarily or capriciously, however, if it "has a

reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003).

Club Tabby argues that, based on the field adjuster report and inventory submissions from Ms. Daigle, Scottsdale had adequate notice of the damages by October 14, 2020. Accordingly, its failure to remit payment until December 14, 2020, 61 days later, renders it liable for penalties under either § 22:1892 or 22:1973. Scottsdale maintains, however, that the field adjuster's report was inadequate and that it required additional time to receive a report from its third-party contents evaluator in light of discrepancies between certain columns on various inventory lists submitted by Ms. Daigle. The main discrepancy appears to be a few hundred dollars between two different inventory lists generated by Ms. Daigle's point of sale computers. *See* doc. 32, att. 3, pp. 44–55. The court also lacks information on when the second list was obtained and whether it actually motivated the referral to a third party vendor, or whether this was done as a matter of course after receipt of the first list. Accordingly, issues of fact preclude summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, the Motions for Partial Summary Judgment [docs. 22, 24] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**