UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLUB TABBY L L C** | **CASE NO. 2:21-CV-00403** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 25] filed by defendant Scottsdale Insurance Company, on the subject of plaintiff's ability to prove actual damages under Louisiana Revised Statute § 22:1973. Plaintiff Club Tabby LLC opposes the motion. Doc. 34. No reply has been filed and the deadline for doing so has passed.

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Club Tabby LLC ("Club Tabby") operated a children's clothing store, party venue, and hair salon in Lake Charles, Louisiana. At all relevant times Club Tabby was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 22, att. 4. The policy provided coverage for business personal property, subject to a limit of $160,000.00, and for business income with extra expense, subject to a limit of $20,000.00 and a monthly limit of 1/3. *Id.* at 90.

Club Tabby made a claim on its policy after Hurricane Laura. On September 14, 2020, Scottsdale sent a field adjuster to inspect the premises. Doc. 32, att. 2, p. 106. On October 13, 2020, Emily Daigle, sole proprietor of Club Tabby, submitted an inventory list describing the quantity and price of each item in the store. *Id.* at 117–41. The following day, the desk adjuster recorded that the claim appeared to be a total loss. *Id.* at 104. He stated in his claims notes that he would send the inventory list to National Vendor, a third-party contents evaluator, for assessment and refer the business interruption claim to a forensic accountant. *Id.* Scottsdale paid $149,692.20 on the business personal property claim, by check dated December 14, 2020. Doc. 22, att. 5. Four days later, it issued a check in the amount of $4,074.00 as payment on the business income claim. Doc. 28, att. 7.

Club Tabby disputes the adequacy and timeliness of both payments. It filed suit in this court on February 17, 2021, raising claims of breach of insurance contract and bad faith under Louisiana Revised Statutes §§ 22:1892 and 22:1973. The case is currently set for trial on March 7, 2021. Scottsdale now brings a motion for partial summary judgment, arguing that Club Tabby cannot show that it sustained any actual damages as a result of any improperly withheld payments, as required to recovery under Louisiana Revised Statute § 22:1973(C). Doc. 25. Club Tabby opposes the motion, arguing that the delayed payments created hurdles for the entity in reopening after the storm.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." Under § 22:1973(C), this award is limited to "two times the damages sustained or five thousand dollars, whichever is greater." These damages are calculated based on consequential damages resulting from the insurer's failure to pay, rather than from amounts due under the insurance contract. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1168 (La. 2011). Accordingly, Club Tabby must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000.

In its petition Club Tabby asserted that it had suffered "mental anguish, aggravation and inconvenience" as a result of Scottsdale's delayed and withheld payments. As Scottsdale points out, Louisiana state and federal courts agree that business entities are incapable of experiencing human emotions and cannot recover on that basis. *Frank C. Minvielle, LLC v. IMC Global Opers., Inc.*, 380 F.Supp.2d 755, 772 (W.D. La. 2004) (citing *Whitehead v. Am. Coachworks, Inc.*, 837 So.2d 678, 682 (La. 2002)). However, Club Tabby has asserted that the delay hindered its reopening. The court finds this assertion sufficiently encompassed within the complaint's allegation of "inconvenience," and that any damages in this category are of a sufficient economic nature that a business entity might recover on that basis. Accordingly, there is no basis for granting summary judgment against Club Tabby's ability to recover based on actual damages under § 22:1973.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 25] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**