UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CLUB TABBY L L C                 CASE NO.  2:21-CV-00403

VERSUS                       JUDGE JAMES D. CAIN, JR.

SCOTTSDALE INSURANCE CO      MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 27] filed by defendant Scottsdale Insurance Company, seeking to recover based on alleged overpayments on plaintiff's business personal property claim. Plaintiff Club Tabby LLC opposes the motion. Doc. 35. No reply has been filed and the deadline for doing so has passed.

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Club Tabby LLC ("Club Tabby") operated a children's clothing store, party venue, and hair salon in Lake Charles, Louisiana. At all relevant times Club Tabby was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 22, att. 4. The policy provided coverage for business personal property, subject to a limit of $160,000.00, and for business income with extra expense, subject to a limit of $20,000.00 and a monthly limit of 1/3. *Id.* at 90.

Club Tabby made a claim on its policy after Hurricane Laura. On September 14, 2020, Scottsdale sent a field adjuster to inspect the premises. Doc. 32, att. 2, p. 106. Emily Daigle, sole proprietor of Club Tabby, submitted asset and inventory lists describing the quantity and price of each item in the store as well as its fixtures, buildouts, and improvements. *Id.* at 117–41; doc. 27, att. 5. The following day, the desk adjuster recorded that the claim appeared to be a total loss. Doc. 32, att. 2, p. 104. He stated in his claims notes that he would send the inventory list to National Vendor, a third-party contents evaluator, for assessment and refer the business interruption claim to a forensic accountant. *Id.* Scottsdale paid $149,692.20 on the business personal property claim, by check dated December 14, 2020. Doc. 22, att. 5. Four days later, it issued a check in the amount of $4,074.00 as payment on the business income claim. Doc. 28, att. 7.

Club Tabby disputes the adequacy and timeliness of both payments. It filed suit in this court on February 17, 2021, raising claims of breach of insurance contract and bad faith under Louisiana Revised Statutes §§ 22:1892 and 22:1973. The case is currently set for trial on March 7, 2021. Scottsdale now brings a motion for partial summary judgment, alleging that it overpaid on the business personal property claim by issuing payment for items included on asset or inventory lists that Ms. Daigle later admitted were not damaged in the storm. Doc. 27. Club Tabby opposes the motion, arguing that the asset list was correct or, in the alternative, that Scottsdale cannot be permitted to take back any portion of its unconditional tender. Doc. 35.

2

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

3

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Scottsdale issued payment for everything on the asset and inventory lists, based on its determination that the building was a total loss and its calculation of the actual cash value for these items. It now argues, based on the deposition of Ms. Daigle, that it overpaid on the business personal property claim because some items on the asset list were not damaged in the storm. Specifically, it points to items like license renewals and computer software from the list. *See* doc. 27, att. 2, p. 11–12. It also alleges that certain physical

4

items might have been undamaged, but that it was deprived of the opportunity to discover this when Ms. Daigle disposed of the contents of the building after Scottsdale's inspection.[1]

In her deposition Ms. Daigle stated that she obtained the inventory list by running a report from her computer as to current inventory at the time of the storm. Doc. 32, att. 3, p. 44. She obtained the asset list from documents generated at the time the business was sold to her. *Id.* at 44–45. While Club Tabby maintains that both lists are accurate, the court agrees with Scottsdale that non-tangible items such as licenses could not qualify as a covered loss. However, the line items for which Scottsdale seeks reimbursement total only $14,272.50—less than ten percent of what it actually paid on the business personal property claim. Given that Club Tabby gave Scottsdale a full opportunity to inspect the premises, there is no showing of malfeasance on plaintiff's part, and any overpayment is relatively insignificant, the court finds that Scottsdale should be held to its unconditional tender.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 27] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Ms. Daigle stated that she disposed of the contents after the field adjuster's inspection, because her landlord needed her to vacate the premises so that repairs on the building could begin. Doc. 32, att. 3, p. 67.

5