UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLUB TABBY L L C** | **CASE NO. 2:21-CV-00403** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Partial Summary Judgment [doc. 28] filed by defendant Scottsdale Insurance Company, seeking dismissal of plaintiff's claims based on its business income coverage. Plaintiff Club Tabby LLC opposes the motion. Doc. 36. No reply has been filed and the deadline for doing so has passed.

**I.**
**BACKGROUND**

This suit arises from damage suffered by plaintiff during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Club Tabby LLC ("Club Tabby") operated a children's clothing store, party venue, and hair salon in Lake Charles, Louisiana. At all relevant times Club Tabby was insured under a commercial property insurance policy issued by defendant Scottsdale Insurance Company ("Scottsdale"). *See* doc. 22, att. 4. The policy provided coverage for business personal property, subject to a limit of $160,000.00, and for business income with extra expense, subject to a limit of $20,000.00 and a monthly limit of 1/3. *Id.* at 90.

Club Tabby made a claim on its policy after Hurricane Laura. On September 14, 2020, Scottsdale sent a field adjuster to inspect the premises. Doc. 32, att. 2, p. 106. Emily Daigle, sole proprietor of Club Tabby, submitted asset and inventory lists describing the quantity and price of each item in the store as well as its fixtures, buildouts, and improvements. *Id.* at 117–41; doc. 27, att. 5. The following day, the desk adjuster recorded that the claim appeared to be a total loss. Doc. 32, att. 2, p. 104. He stated in his claims notes that he would send the inventory list to National Vendor, a third-party contents evaluator, for assessment and refer the business interruption claim to a forensic accountant. *Id.* Scottsdale paid $149,692.20 on the business personal property claim, by check dated December 14, 2020. Doc. 22, att. 5. Four days later, it issued a check in the amount of $4,074.00 as payment on the business income claim. Doc. 28, att. 7.

Club Tabby disputes the adequacy and timeliness of both payments. It filed suit in this court on February 17, 2021, raising claims of breach of insurance contract and bad faith under Louisiana Revised Statutes §§ 22:1892 and 22:1973. The case is currently set for trial on March 7, 2021. Scottsdale now brings a motion for partial summary judgment on the bad faith claims as they relate to Club Tabby's business income coverage, alleging that there was insufficient proof of loss because Club Tabby never established its reopening date. Doc. 28. Club Tabby opposes the motion and argues that it rendered sufficient proof of loss by September 14 or at the latest October 14, 2020. Doc. 36.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Governing Law

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute §

22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under the first factor, proof of loss, Louisiana courts set no strict requirement as to form and instead only require that the insurer "obtain[] sufficient information to act on the claim." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). On the third, compliance with the statute means that the insurer "must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). The insurer does not act arbitrarily or capriciously, however, if it "has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003).

### B. Application

With regards to business income coverage, Scottsdale's policy provides:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The Loss or damage must be caused by or result from a Covered Cause of Loss.

Doc. 28, att. 4, p. 108. The policy also provides that the "period of restoration" begins with the direct loss or physical damage and ends "on the earlier of: (1) [t]he date when the property . . . should be repaired, rebuilt or replaced" or "(2) [t]he date when business is resumed at a new permanent location." *Id.* at 116.

Scottsdale's December 18 payment covered only business income loss through October 31. *See* doc. 32, att. 2, pp. 35–36. Its adjuster admitted, however, that he was aware that the business had not reopened as of at least November 23 and that the company "possibly" should have paid for November as well. *Id*. at 40–42. He also did not dispute that he had sufficient information to calculate business income coverage for that month, and admitted that he had been more focused on resolving the property damage claim. *Id.* at 36–40. Scottsdale does not contend that it has made any further payments on the business income claim since that time.

Based on this testimony, plaintiff has established a genuine issue of material fact as to (1) whether she is owed additional coverage on her business income claim and (2) whether Scottsdale arbitrarily and capriciously denied same.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 28] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**