UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CLUB TABBY L L C**              **CASE NO.  2:21-CV-00403**

**VERSUS**                        **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**       **MAGISTRATE JUDGE KAY**

MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 49] filed by defendant Scottsdale Insurance Company ("Scottsdale"). Plaintiff Club Tabby LLC ("Club Tabby") has filed no response and the time for doing so has passed. Doc. 53. Accordingly, the motion is regarded as unopposed.

This suit arises from claims plaintiff Club Tabby LLC ("Club Tabby") made on an insurance policy issued by Scottsdale following losses suffered by the business in Hurricane Laura. In discovery Scottsdale requested the basis for Club Tabby's actual damages claim, and Club Tabby responded that these included, *inter alia*, its inability to make payments on a business loan due to Scottsdale's alleged failure to timely and adequately reimburse the company for its hurricane losses. Doc. 49, att. 3, p. 6.

At a 30(b)(6) deposition, Club Tabby owner Emily Daigle clarified that she had two business loans: one issued by a bank, which she had paid off with funds received from Scottsdale, and a $50,000 loan from a family member. Doc. 49, att. 4, pp. 22–23. Daigle

stated that she had not paid anything toward the $50,000 loan, but she was vague on the terms of repayment:

> **Q:** And what were the agreed terms of that loan?
> **A:** As soon as I could pay it back, I would pay it back.
> **Q:** Have you, to this day, paid that loan back?
> **A:** Not entirely. No, ma'am.
> **Q:** How much of it have you paid back?
> **A:** Not – nothing.
> **Q:** Was this an interest free loan?
> **A:** Well, in the beginning it was, but I'm not sure. We haven't talked about it. I just told him – he knew what was going on, and I told him that as soon as everything got finalized, then we could move on from there. But it definitely has to be paid back, so I would have to get, you know, a job and some money and pay it back.

*Id.* at 22. Following the deposition, Scottsdale issued a second set of discovery. Doc. 49, att. 6. There it sought, *inter alia*, the identity of the family member who provided the $50,000.00 loan and any documents "that reflect any information concerning the funds loaned, given or otherwise produced to Emily Daigle" by that individual." Doc. 49, att. 6, pp. 2–3. Club Tabby refused to provide this information, stating that it was "irrelevant and not reasonably calculated to lead to admissible evidence" and that it had no documents responsive to the request. *Id.*

Scottsdale now seeks an order compelling plaintiff Club Tabby LLC ("Club Tabby") to supplement its discovery responses and provide the identity of the family member who provided the $50,000.00 loan.

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy,

2

> the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 37(a) governs motions to compel discovery responses and provides, as applies here, that a party may move to compel a discovery response if the opposing party fails to answer an interrogatory submitted under Rule 33 or fails to produce a document requested under Rule 34. *Id.* at 37(a)(3)(iii)–(iv). For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to respond." *Id.* at 37(a)(4).

The information sought is relevant to plaintiff's damages claim and not protected by any privilege.[1] Plaintiff also fails to show that this disclosure is disproportionate to the needs of the case. Accordingly, the motion is **GRANTED**. Plaintiff is ordered to supplement its discovery responses within 48 hours of this order and provide the name of the person who gave Club Tabby owner Emily Daigle the $50,000.00 loan described above.

**THUS DONE AND SIGNED** in Chambers on this 15th day of February, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] The court emphasizes, however, that discoverability and admissibility are distinct concepts. "The threshold for relevance at the discovery stage is lower than the threshold . . . at the trial stage." *Bonano v. James River Ins. Co.*, 2020 WL 6157846 (E.D. La. Oct. 21, 2020). At trial relevant evidence may still be excluded if its probative value is substantially excluded by a danger of, *inter alia*, unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.