UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CLUB TABBY L L C** | **CASE NO.  2:21-CV-00403** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Quash [doc. 56] and Motion for Protective Order [*id.*] filed by plaintiff, seeking to limit defendant's efforts at discovery into the post-storm employment history of the plaintiff LLC's sole member, Emily Daigle, and her banking records. Defendant Scottsdale Insurance Company opposes the motion. Doc. 58.

At issue are three subpoenas issued to Emily Daigle, her bank, and her current employer, Parish Seafood LLC. As this court has observed, only the responding party has standing to object and seek to quash a Rule 45 subpoena on the grounds that it "violates another person's privacy rights . . . is overly broad . . . or seeks information that is irrelevant[.]" *Fox v. Nu Line Transp., LLC*, 2020 WL 4355457, at *2 (W.D. La. Jul. 29, 2020) (internal quotations omitted). However, a party may still have standing to challenge the scope of a subpoena under Rule 26(c). *Id.* Under this rule and upon a showing of good cause, the court may grant a protective order to protect "[a] party or person from whom discovery is sought" from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

1

The court finds good cause to grant a protective order in this matter. Scottsdale's bank subpoena casts too wide a net, seeking all of Ms. Daigle and Club Tabby's correspondence with the bank and loan applications. Additionally, with the subpoena return date set for next week and trial in this matter beginning on March 7, it is too late to reissue the subpoena. Plaintiff's inability to produce any documentation proving the existence of this loan will be at its own peril.

As for the subpoenas issued to Ms. Daigle and Parish Seafood, Scottsdale alleges that Ms. Daigle's post-storm employment history is relevant to Club Tabby's business interruption claim. The court disagrees. The fact that Ms. Daigle may have found other work in the year and a half since the storm has no bearing on her ability to secure the funds necessary to reopen a clothing store. To the extent Scottsdale seeks the records as impeachment evidence, based on Ms. Daigle's response in a deposition that she was not currently employed, Ms. Daigle has already provided an affidavit explaining that she answered the question, "And do you work today?" in the negative because she had "no full-time job or formal/official employment relationship with any employer" but that she has assisted at Parish Seafood, where her domestic partner is part owner, from time to time. Doc. 56, att. 2. She further asserts that she has never been considered an official employee of that business and that it would have no pay stubs or other records relating to her employment. *Id.*

Based on the above, and the nearness of trial in this matter, the court finds that the subpoenas issued to Ms. Daigle and Parish Seafood do not seek information that will advance the resolution of this case. Instead, they are last-ditch attempts by Scottsdale to

2

create side issues and drive up the cost of litigation. Accordingly, the Motion to Quash [doc. 56] is denied for lack of standing but the Motion for Protective Order [*id.*] is granted in all respects.

**THUS DONE AND SIGNED** in Chambers on this 16th day of February, 2022.

                                        **JAMES D. CAIN, JR.**
                                **UNITED STATES DISTRICT JUDGE**